**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| AMERICAN REGENT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MSN LABORATORIES PRIVATE LIMITED AND MSN PHARMACEUTICALS INC.,<br><br>Defendants. | Civil Action No. 24-10674<br><br><br>**CONFIDENTIALITY ORDER** |

It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, it is ORDERED as follows:

1.      Any party to this litigation and any non-party providing information in this action (hereinafter "non-party") shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing:  (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.3.  Any party to this litigation or non-party covered by this Order that produces or discloses any Confidential material (a "Producing Party"), including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend:  "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER" (hereinafter "Confidential").

2.      Any party to this litigation and any non-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party.  Any party to this litigation or any non-party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend:  "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only").

3.      All Confidential and Attorneys' Eyes Only material received by a party to this litigation or a non-party ("Receiving Party") shall be used by the Receiving Party solely for purposes of the litigation of this action, shall not be used by the Receiving Party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the Receiving Party to anyone other than those set forth in Paragraph 4 with respect to Confidential material, or set forth in Paragraph 6 with respect to Attorneys' Eyes Only material, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court.  For the avoidance of doubt, and without limiting the scope of the foregoing sentence, Confidential and Attorneys' Eyes Only material disclosed in this litigation shall not be used in (i) any other action, including lawsuits against FDA; (ii) the prosecution of any patent or patent application, including reexaminations, reissues, and seeking claim amendments in any post-grant review proceedings (IPRs and PGRs); (iii) the preparation or submission of any United States FDA documents (including but not limited to Citizen Petitions), or any similar documents in any foreign country; (iv) any marketing, financial, pricing, or other business competitive decision-making (not including settlement or other decision-making in the Action); and (v) preparing submissions to the *U.S. Pharmacopeia* or *European Pharmacopeia.*  It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential and Attorneys' Eyes Only material, provided that such advice and opinions shall not reveal the content of such Confidential and Attorneys' Eyes Only material except by prior written agreement of counsel for the parties, or by Order of the Court.

4.      Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

(a)      Outside counsel (herein defined as any attorney at the parties' outside law firms, which firms have appeared in the action);

(b)      Three in-house counsel or legal personnel for each of (1) American Regent, Inc., and (2) MSN Laboratories Private Limited and MSN Pharmaceuticals Inc., who have been designated in advance of disclosure pursuant to Paragraph 7(a) by the parties who have responsibility for the litigation of the action;

(c)      Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A and been disclosed pursuant to Paragraph 7(b);

(d)      Independent testing laboratories, services, or facilities, and their employees, provided someone from the independent testing laboratory has signed a non-disclosure agreement in the form attached hereto as Exhibit A on behalf of the independent testing laboratory and been disclosed pursuant to Paragraph 7(b) and clerical staff.  For purposes of this Order, the phrase "independent testing laboratories, services, or facilities" will not include any officer, director, or employee of any Party;

(e)      The Court and court personnel;

2

(f)     Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the Producing Party consents to such disclosure;

(g)     Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

(h)     Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

5.     Confidential material shall be used only by individuals permitted access to it under Paragraph 4.  Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

6.     Attorneys' Eyes Only material and the contents of Attorneys' Eyes Only material may be disclosed only to the following individuals under the following conditions:

(a)     Outside counsel (herein defined as any attorney at the parties' outside law firms, which firms have appeared in the action);

(b)     No more than two in-house counsel or legal personnel for each of (1) American Regent, Inc., and (2) MSN Laboratories Private Limited and MSN Pharmaceuticals Inc., who have been designated in advance of disclosure pursuant to Paragraph 7(a) by the parties who have responsibility for the litigation of the action;

(c)     Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A and been disclosed pursuant to Paragraph 7(b);

(d)     Independent testing laboratories, services, or facilities, and their employees, and clerical staff provided someone from the independent testing laboratory has signed a non-disclosure agreement in the form attached hereto as Exhibit A on behalf of the independent testing laboratory and been disclosed pursuant to Paragraph 7(b).  For purposes of this Order, the phrase "independent testing laboratories, services, or facilities" will not include any officer, director, or employee of any Party;

(e)     The Court and court personnel;

(f)     Any deponent may be shown or examined on any information, document or thing designated Attorneys' Eyes Only if it appears that the witness authored or received a

3

copy of it, or was employed by the party who produced the information, document or thing, or if the Producing Party consents to such disclosure;

(g)      Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

(h)      To such other persons as counsel for the Producing Party agrees or as ordered by the Court; and

(i)      Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

7.      Attorneys' Eyes Only material shall be used only by individuals permitted access to it under Paragraph 6.  Attorneys' Eyes Only material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

(a)      In-house counsel and legal personnel designated to receive Confidential material under Paragraph 4(b) and/or Attorneys' Eyes Only material under Paragraph 6(b) shall be identified in writing by:  (1) full name; (2) job title; and (3) employer.  A party may, as necessary, on a one-for-one basis, substitute other in-house counsel and legal personnel under Paragraph 6(b) by identifying in writing the proposed person to the Producing Party by:  (1) full name; (2) job title; and (3) employer.

(i)      Within five (5) business days of receipt of written identification above, the Producing Party may object in writing to the proposed person.  Disclosure of Attorneys' Eyes Only material to the proposed person will not occur before the period for objection has elapsed, absent written consent from the Producing Party.  Failure to timely object to the proposed person's designation will be deemed approval.

(ii)      If the Producing Party timely objects to the proposed person, the parties will meet and confer within five (5) business days of receipt of such objection to resolve the disagreement.  If the parties cannot resolve the dispute or if the conference does not take place, the objecting party may, within five (5) business days after the five-day meet-and-confer period, move the Court for a Confidentiality Order prohibiting the disclosure.  If the objecting party does not move the Court within five (5) business days after the five-day meet-and-confer period, the objecting party will be deemed to have abandoned and waived its objection(s) to the disclosure.  The

4

burden of demonstrating good cause for denying access to Attorneys' Eyes Only material will rest with the objecting party.  If the objecting party files a timely motion to prohibit the disclosure, Attorneys' Eyes Only material will not be disclosed to the proposed person until the Court enters an Order permitting the disclosure of Attorneys' Eyes Only material or the Producing Party withdraws its objection.

(iii)    Any designated in-house counsel and legal personnel who are removed from the Order, whether substituted or removed for any other reason, will no longer have access to Attorneys' Eyes Only material, but will still be bound by the terms, including the obligations of confidentiality, of this Order.

(b)    For any outside expert or consultant, including independent testing laboratories, to receive access to Confidential or Attorneys' Eyes Only material, such expert or consultant will be identified in writing to the counsel for the Producing Party by name, together with an executed copy of Exhibit A, a copy of the expert's or consultant's *curriculum vitae* (including a listing of publications), any previous or current relationship with the Producing Party whose Confidential or Attorneys' Eyes Only material will be disclosed to the expert or consultant, and a list of all cases in which, during the previous four (4) years, the individual has testified at trial or by deposition.  Unless another party or nonparty notifies the proposing party of any objection within five (5) business days after the notification (by fax, by email, or by overnight mail), the expert or consultant will thereafter be allowed to have access to Confidential and Attorneys' Eyes Only material pursuant to the terms and conditions of this Order.  Disclosure of Confidential or Attorneys' Eyes Only material to the expert or consultant will not occur before the period for objection has elapsed, absent written consent from the Producing Party.

(i)    In the event of a timely objection, the proposing party will refrain from disclosure of Confidential or Attorneys' Eyes Only material to the expert or consultant until the objection has been resolved between the parties or ruled upon by the Court.  The objection must describe with particularity the basis for the objection.  The parties will endeavor in good faith to resolve the dispute without calling upon the intervention of the Court.

(ii)    If the Producing Party timely objects to the expert or consultant, the parties will meet and confer within five (5) business days of receipt of such objection to resolve the disagreement.  If the parties cannot resolve the dispute, or if the conference does not take place, the objecting party may, within five (5) business days after the five-day meet-and-confer period, move the Court for a Confidentiality Order prohibiting the disclosure.  If the objecting party does not move the Court within five (5) business days after the five-day meet-and-confer period, the objecting party will be deemed to have abandoned and waived its objection(s) to the

5

disclosure.  If the objecting party files a timely motion to prohibit the disclosure, Confidential material and Attorneys' Eyes Only material will not be disclosed to the expert or consultant for approval until the Court enters an Order permitting the disclosure or the Producing Party withdraws its objection.  The burden of demonstrating good cause for denying access to Confidential and Attorneys' Eyes Only material will rest with the objecting party.  No party will use its right to object to a proposed consultant or expert to unreasonably interfere with the ability of another party to prepare its case for trial through the use of consultants and experts.

(c)    Any person receiving Confidential material or Attorneys' Eyes Only material, and in addition to the other terms of this Order:

(i)    shall not disclose to the FDA, the PTO, or any nonparty, such material, including any summaries, compilations, and derivations thereof;

(ii)    shall not be involved in the preparation or prosecution of any patent application claiming (i) any finished drug product containing ferric carboxymaltose as an active ingredient, (ii) any method of using ferric carboxymaltose, (iii) any method of making ferric carboxymaltose, or (iv) any uses of any finished drug product containing ferric carboxymaltose, for the duration of this action plus one year after the final termination of this action, including appeals. For purposes of this paragraph, "prosecution" means any involvement in original prosecution or reissue proceedings and, with respect to reexamination or other post-grant proceedings at the USPTO or the Patent Trial and Appeal Board or pre- or post-grant opposition proceedings or invalidation proceedings before a foreign patent office or court, drafting, amending, or substituting claims, advising, assisting or supervising the drafting, amending, or substituting of claims for a party in this litigation;

(iii)    shall not be involved in seeking any claim amendments claiming (i) ferric carboxymaltose, (ii) any finished drug product containing ferric carboxymaltose as an active ingredient, (iii) any method of using ferric carboxymaltose, (iv) any method of making ferric carboxymaltose, or (v) any uses of any finished drug product containing ferric carboxymaltose, before the PTO during a proceeding for *inter partes* review, post-grant review, reexamination, reissue, or covered business method review; and

(iv)    shall not be involved in preparation or submission of any FDA documents (including, but not limited to, Citizen Petitions), or any similar documents in any foreign country, regarding approval

6

requirements relating to ferric carboxymaltose, except where such correspondence is regarding the Receiving Party's own drug approval application, or is directed toward obtaining or maintaining approval or regulatory exclusivities of the Receiving Party's own drug application, or updating the FDA on the status of this litigation, for the duration of this action plus two years after the final termination of this action including any appeals. The mere receipt of courtesy copies of correspondence with the FDA or any patent office shall not constitute preparation or prosecution of a patent application.

8.  With respect to any depositions that involve a disclosure of Confidential material or Attorneys' Eyes Only material of a party or non-party, such party or non-party shall designate the transcript as containing Confidential material or Attorneys' Eyes Only material, or both, during the deposition, on the record during the deposition. At that time, all persons not qualified to receive Confidential or Attorneys' Eyes Only material (as applicable) will leave the proceedings prior to continuation of the deposition and until the conclusion of such deposition testimony. A party or non-party may alternatively designate the transcript of the deposition as containing Confidential material or Attorney's Eyes Only material within thirty (30) calendar days of receipt of the final transcript of the deposition. Whether designated during the deposition or within thirty (30) calendar days of receipt of the transcript, the Court Reporter will be asked to mark each page of the transcript as "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER" or "ATTORNEYS' EYES ONLY – SUBJECT TO CONFIDENTIALITY ORDER," as applicable. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 4(a), (b), (c), (d), (e), (g), and (h) for Confidential material, or Paragraph 6 for Attorneys' Eyes Only material. Until thirty (30) calendar days following receipt of the transcript, neither the deponent nor individuals attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 4(a), (b), (c), (d), (e), (g), and (h) or Paragraph 6 for Attorneys' Eyes Only material, to permit adequate time for review of the transcript and notice to other counsel regarding any designation of Confidential material or Attorneys' Eyes Only material. Upon being informed that certain portions of a deposition are to be designated as Confidential, or Attorneys' Eyes Only, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 4 and 5 or Paragraphs 6 and 7, respectively.

9.  If counsel for a party receiving documents or information designated as Confidential or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

(a)  Counsel for the objecting party shall serve on the designating party or non-party a written objection to such designation, which shall describe with particularity the documents or information in question (*i.e.,* by Bates number, deposition page and line, or by other appropriate specific identifier) and shall state the grounds for objection. Counsel for the designating party or non-party shall respond in writing to such objection within fourteen (14) calendar days, and shall either remove the designation or state with particularity the grounds for asserting that the document or information is Confidential or

7

Attorneys' Eyes Only.  If no timely written response is made to the objection, the challenged designation will be deemed to be void.  If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

(b)    If a dispute as to a Confidential or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 37.1(a)(1), before filing a formal motion for an order regarding the challenged designation.  The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

(c)    No party will be precluded from (a) claiming that any matter designated hereunder is not entitled to the protections of this Order, (b) applying to the Court for an order permitting the disclosure or use of information or documents otherwise prohibited by this Order, or (c) applying for a further order modifying this Order in any respect.  No party will be obligated to challenge the propriety of any designation, and failure to do so will not preclude a subsequent challenge to the propriety of such designation.

10.    Any document designated "Confidential" or "Attorneys' Eyes Only" by a party or non-party and which is to be filed with the Court shall be filed under seal, in accordance with Local Civil Rule 5.3.

11.    If the need arises during trial or at any hearing before the Court for any party to disclose Confidential or Attorneys' Eyes Only material, it may do so only after giving notice to the Producing Party and as directed by the Court.

12.    If a party learns that material that party received in discovery pursuant to this Confidentiality Order has been the subject of a data breach, that party must promptly notify the Producing Party of the breach, and cooperate with that party to address the breach.

13.    The inadvertent or unintentional disclosure of Confidential or Attorneys' Eyes Only material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's or non-party's claim that it is Confidential or Attorneys' Eyes Only material, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter.  Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed, and the party whose Confidential or Attorneys' Eyes Only material was disclosed, that the material  should have been designated Confidential or Attorneys' Eyes Only within a reasonable time from discovery of the error.  Such notice shall constitute a designation of the information, document or thing as Confidential or Attorneys' Eyes Only under this Confidentiality Order.

(a)    To the extent a Receiving Party becomes aware that a Producing Party's Confidential or Attorneys' Eyes Only material has been inadvertently or unintentionally

8

provided to an individual not authorized to view that material under this Confidentiality Order ("Unauthorized Individual(s)"), the Receiving Party shall within five (5) business days of learning of such a disclosure instruct the Unauthorized Individual(s) to destroy or return the Confidential or Attorneys' Eyes Only material and to provide a list of all persons to whom that information may have additionally been provided.  Additionally, within seven (7) business days of becoming aware of the inadvertent or unintentional disclosure to an Unauthorized Individual, the Receiving Party shall notify the Producing Party of the disclosure, including based on its best efforts: (1) an identification of the documents inadvertently or unintentionally disclosed, (2) a list of individuals who received these documents, including any persons to whom such individual forwarded such information, (3) the circumstances surrounding such disclosure, and (4) confirmation that steps have been taken to ensure the destruction or return to the Receiving Party of all copies of the inadvertently or unintentionally disclosed Confidential or Attorneys' Eyes Only materials.

14.    The production of any information, document, or thing in this litigation shall not constitute a waiver of any attorney-client privilege or work-product protection that may be asserted by the Producing Party either in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  When the production or disclosure of any information, document, or thing protected by attorney-client privilege or work-product protection is discovered by or brought to the attention of the Producing Party, the treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B).  The Producing Party will promptly upon discovery of such production or disclosure so advise the Receiving Party in writing and request that the Privileged Material be returned or destroyed.  The Receiving Party will return or destroy all copies of the Privileged Material within ten (10) business days of receipt of the request.  Any notes or summaries referring or relating to any of the produced or disclosed Privileged Material will be destroyed.  That treatment shall be deemed to comply with any obligations the Producing Party would otherwise have had pursuant to Fed. R. Evid. 502(b) or under the common law.  However, nothing herein restricts the right of the Receiving Party to challenge the Producing Party's claim of attorney-client privilege or work-product protection after receiving notice of the production or disclosure of any information, document, or thing that is subject to a claim of attorney-client privilege or work-product protection. Upon return of the inadvertently produced material, the Producing Party will promptly provide a privilege log listing the inadvertently produced material.

(a)    <u>Attorney's Ethical Responsibilities</u>. Nothing in this Confidentiality Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced. Any Party receiving materials that, on their face, appear to be covered by a privilege, shall not copy, distribute, or otherwise use in any manner such materials and shall provide prompt notice of the disclosure to the Producing Party to afford the Producing Party the opportunity to request return of the materials, in accordance with the terms of this Paragraph.

15.    If a non-party serves a party in this action with a request, subpoena, or order ("demand") for disclosure of Confidential or Attorneys' Eyes Only material, the party receiving the demand, if not prohibited under applicable law, shall deliver a copy of the demand to the designating party's counsel within seven (7) days from receipt of the demand, and shall notify the

9

party who served the request that some or all of the materials sought by the request are subject to this Confidentiality Order. The party receiving the demand shall not disclose any Confidential or Attorneys' Eyes Only material prior to the date specified for disclosure, or prior to resolution of any dispute regarding production of such material in response to the request, whichever is later. In its sole discretion and at its own cost, the designating party may oppose or seek to limit the demand in any legal manner. The party who received the demand shall not oppose or otherwise interfere with the designating party's actions. In the event Confidential or Attorneys' Eyes Only material is produced to the non-party, such material shall be treated as Confidential or Attorneys' Eyes Only pursuant to the provisions of this discovery confidentiality order.

16.    No information that is in the public domain or which is already known by the Receiving Party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential or Attorneys' Eyes Only material under this Confidentiality Order.

17.    This Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

18.    This Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

19.    Within sixty (60) calendar days after termination of this litigation by judgment, settlement, or otherwise from which no appeal can be brought, each party or other individual subject to the terms hereof shall assemble and return to the originating source all originals and unmarked copies of documents and things containing Confidential or Attorneys' Eyes Only material or destroy all copies of documents and things containing Confidential or Attorneys' Eyes Only material. Outside counsel for each Party may retain (even if such documents or things contain Confidential or Attorneys' Eyes Only information) complete copies of work product incorporating Confidential or Attorneys' Eyes Only material, as well as all correspondence (including email), deposition transcripts and exhibits, Court transcripts, court filings or other papers served in the course of the litigation, including any exhibits attached thereto, and the trial record, for archival purposes, subject to the provisions of this Confidentiality Order. To the extent a party requests the return of Confidential or Attorneys' Eyes Only material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

20.    By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this Order will promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

21.     This Order may be modified by further order of the Court, or by agreement of the parties or their counsel and approved by the Court, and is without prejudice to the rights of any party or third party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

22.     Treatment by counsel or the parties of information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY will not be construed as an admission by any party that the designated information contains trade secrets or other proprietary or confidential information. Conversely, failure to so designate will not constitute a waiver of any party's claims, either within or outside this Action, that any such documents or information do contain trade secrets or other proprietary or confidential information.

23.     Nothing in this Order will prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony, or evidence subject to this Order.

IT IS SO ORDERED.

Dated:  March 18, 2025

_____
J. BRENDAN DAY
UNITED STATES MAGISTRATE JUDGE

11

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AMERICAN REGENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> MSN LABORATORIES PRIVATE LIMITED AND MSN PHARMACEUTICALS INC., <br><br> Defendants. | Civil Action No. 24-10674 <br><br> **AGREEMENT TO BE BOUND BY CONFIDENTIALITY ORDER** |

I, _____, being duly sworn, state that:

1.      My address is _____.

2.      My present employer is _____ and the address of my present employment is _____.

3.      My present occupation or job description is _____.

4.      I have carefully read and understood the provisions of the Confidentiality Order in this case signed by the Court, and I will comply with all provisions of the Confidentiality Order.

5.      I will hold in confidence and not disclose to anyone not qualified under the Confidentiality Order any Confidential or Attorneys' Eyes Only material or any words, summaries, abstracts, or indices of Confidential or Attorneys' Eyes Only material disclosed to me.

6.      I will limit use of Confidential or Attorneys' Eyes Only material disclosed to me solely for purpose of this action.

7.      No later than the final conclusion of the case, I will return all Confidential or Attorneys' Eyes Only material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____                    _____[Name]

13