# K&L GATES

**Via ECF**

Anwesha Chatterjee
Associate
Anwesha.Chatterjee@klgates.com

June 17, 2026

T +1 973 848 4177
F +1 973 848 4001

The Honorable J. Brendan Day, U.S.M.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

**Re:** *Vifor (Intl.) AG, et al. v. Orbicular Pharmaceutical Technologies Pvt, Ltd.,* **Civil Action No.: 25-15336;** *American Regent Inc., et al. v. MSN Laboratories Pvt. Ltd., et al.***, Civil Action No.: 24-10674 (consolidated)**

Dear Judge Day:

K&L Gates, LLP represents Defendant Orbicular Pharmaceutical Technologies Pvt. Ltd. in the above referenced action. We respectfully request the Court deny the extension to the case schedule proposed in Plaintiffs' June 16, 2026 letter (ECF No. 94) or, alternatively, adopt Orbicular's compromise to extend the deadline to complete fact discovery until July 14.

Orbicular's document production was substantially complete by the deadline for the substantial completion on May 6, 2026. On May 27, after the deadline for substantial completion and about a month before the close of fact discovery, Plaintiffs raised new alleged discovery deficiencies for the first time. In an effort to avoid a dispute, Orbicular agreed to make a supplemental production and worked diligently to serve that production on June 16, just eight days after the parties met and conferred on the issues. Orbicular also offered to extend the deadline to complete fact depositions by two weeks, July 14,  to allow additional time to review the supplemental production, if Plaintiffs agreed no other deadlines would be affected. Plaintiffs declined.

Prior to the deadline for substantial completion, Orbicular had produced its Abbreviated New Drug Application ("ANDA") and supporting documents such as laboratory notebooks and other development documents related to Orbicular's ANDA product. Courts have recognized that these are the key documents required to assess infringement in an ANDA litigation. *See Bayer AG v. Elan Pharm. Research Corp.*, 212 F.3d 1241, 1248–49 (Fed. Cir. 2000) ("This hypothetical

K&L GATES LLP
ONE NEWARK CENTER   TENTH FLOOR   NEWARK   NJ 07102
T +1 973 848 4000  F +1 973 848 4001  klgates.com

Anthony P. La Rocco, Managing Partner, New Jersey

K&L GATES

inquiry is properly grounded in the ANDA application and the extensive materials typically submitted in its support. . . . If the ANDA is to sell a well-defined compound, then the ultimate question of infringement is usually straightforward.") (citation modified). Plaintiffs have been in possession of these materials for months – there is no good cause to delay the exchange of Plaintiffs' opening expert report on infringement, and extend the entire expert discovery schedule.

Orbicular has worked diligently to produce documents and avoid disputes. After Orbicular's initial production of documents in March 2026, the parties met and conferred regarding Plaintiffs' April 2nd deficiency letter on April 20. As a result, Orbicular made a supplemental production just over two weeks later on May 6. On May 27, after the deadline for substantial completion and about a month before the close of fact discovery, Plaintiffs served another letter identifying, for the first time, purported deficiencies related to RFP Nos. 6, 19, 21, 22, 27, 31, 35, 36, 37, 39–43, 44, 46–48 and 50 that had not been raised in Plaintiffs' April 2nd letter.[1] (*Compare* ECF No. 94, Ex. A and Ex. B). Many of the RFPs, such as RFP No. 37 related to Orbicular's development budget, are not germane to the issues in this case. Others, such as RFP No. 35 related to the process for preparing Defendants' ANDA Product, are cumulative of the ANDA.

Nonetheless, in order to avoid a dispute (and ultimately another attempt by Plaintiffs to modify the schedule), Orbicular agreed to search for and produce additional documents responsive to Plaintiffs' RFP Nos. 6, 35, 36, 37, 39, 40, 41, 42, 43, 44, 47 and 50. Orbicular worked diligently to produce supplemental materials and produced roughly 1,200 documents eight days after the parties met and conferred, and offered a compromise to address Plaintiffs' request for additional time to prepare for depositions.

The schedule has been a point of contention in this case from the start. Just two months ago, the parties submitted competing proposals for the schedule. (ECF No. 90). On April 28, Your Honor issued an amended case schedule with dates falling between the parties' proposed dates, concluding the schedule "presents a workable, efficient, and fair timeline[.]" (ECF No. 91). Plaintiffs now seek to unilaterally extend certain deadlines even further than their original proposal under the guise of a manufactured discovery dispute that Orbicular has worked diligently to address. (*Compare* ECF No. 90 *with* ECF No. 94). Orbicular respectfully requests that the Court deny Plaintiffs' attempt to unnecessarily extend this Court's "workable, efficient, and fair timeline."

We appreciate Your Honor's consideration of Orbicular's position.

---

[1] Plaintiffs' April 2nd letter broadly complained that Orbicular had not agreed to produce documents related to ferric carboxymaltose products ***other than Orbicular's ANDA Product*** in response to RFP Nos. 19, 21, 22, 27, 31, 35, 36, 37, 39–42, 44, 46, 48**,** but did not challenge the sufficiency of the production with respect to Orbicular's ANDA Product.

K&L GATES

Respectfully submitted,

Anwesha Chatterjee

3