**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AMERICAN REGENT, INC.,<br><br>*Plaintiff,*<br><br>v.<br><br>MSN LABORATORIES PRIVATE LTD., *et al.,*<br><br>*Defendants*. | Case No. 3:24-cv-10674-GC-JBD (Consolidated)<br><br>Hon. Georgette Castner, U.S.D.J.<br>Hon. J. Brendan Day, U.S.M.J. |
| VIFOR (INTERNATIONAL) AG, *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>ORBICULAR PHARMACEUTICAL TECHNOLOGIES PVT. LTD.,<br><br>*Defendant*. | Civ. No. 25-15336 (GC)(JBD) |
| VIFOR (INTERNATIONAL) AG, *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>ORBICULAR PHARMACEUTICAL TECHNOLOGIES PVT. LTD.,<br><br>*Defendant*. | Civ. No. 25-16735 (GC)(JBD)<br><br>**ORDER TO SEAL** |

**THIS MATTER** having come before the Court upon the motion of counsel for Defendant Orbicular Pharmaceutical Technologies Pvt. Ltd. ("Defendant"), for the entry of an Order to Seal,

pursuant to Local Civil Rule 5.3, Plaintiffs' July 15, 2026 Discovery Letter and Exhibits C-I to the July 15, 2026 Discovery Letter (ECF No. 111), and Defendant having reported to the Court that Plaintiffs American Regent, Inc. and Vifor (International) AG (collectively, "Plaintiffs") do not object to Defendant's Motion to Seal, and the Court having considered the Certification of Anwesha Chatterjee in support of Defendant's Motion to Seal, and having considered the factors of Local Civil Rule 5.3(c)(3), the Court makes the following Findings of Fact and Conclusions of Law:

**FINDINGS OF FACT**

1. On July 15, 2026, Plaintiff filed a discovery dispute letter and accompanying Exhibits A-I. Exhibits C-I to the July 15, 2026 Discovery Letter contain Defendant's confidential, and closely-guarded information relating to Defendant's business relationship with third parties.

2. Defendant seeks to seal: (i) portions of the July 15, 2026 Discovery Letter because this document contains confidential and non-public information concerning the business relationship between Defendant and certain third parties, (ii) portions of Exhibits C-F because these documents, which are excerpts of email correspondence between the parties' counsel, contain confidential and non-public information concerning the business relationship between Defendant and certain third parties, and (iii) Exhibits G-I in their entirety because these documents contain confidential, proprietary, and non-public information concerning the characteristics of Defendant's ANDA Product and the business relationship between Defendant and certain third parties, and were designated HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY under the Discovery Confidentiality Order (ECF No. 41).

3. Defendant requests that only the confidential portions of the July 15, 2026 Discovery Letter and Exhibits C-F be sealed, and Defendant seeks to file redacted, publicly available versions of all corresponding filings pursuant to Local Civil Rule 5.3(c)(4).

4. Defendant requests that Exhibits G-I be sealed in their entirety, and no less restrictive alternative is available to protect the information therein. Defendant requests that the document be filed publicly only in its redacted form as the least restrictive alternative available to protect the information therein.

**CONCLUSIONS OF LAW**

5. The documents referenced above contain non-public information that is considered to be highly confidential and proprietary by Defendant.

6. Disclosure of this information would provide the public, including competitors, with insight into Defendant's non-public and proprietary business matters, causing Defendant to suffer competitive harm.

7. Accordingly, Defendant has a legitimate interest in protecting this information from disclosure and would suffer a clearly defined injury if the information were to be made public.

8. There exists no countervailing public interest in having access to the information at issue.

9. There exists no less restrictive alternative than to seal in part the July 15, 2026 Discovery Letter and Exhibits C-F. Most of the July 15, 2026 Discovery Letter and Exhibits C-F will remain publicly available.

10. There exists no less restrictive alternative than to seal Exhibits G-I in their entirety. Defendant has sought to seal only information entitled to protection.

11. Defendant has satisfied the requirements for sealing under Local Civil Rule 5.3(c). Defendant has a legitimate private interest, within the meaning of Local Civil Rule 5.3(c), in avoiding the competitive harms described above, and such legitimate private interest is sufficient to warrant granting the motion to seal as to portions of the parties' July 15, 2026 Discovery Letter

and accompanying exhibits. L. Civ. R. 5.3(c); *In re Gabapentin Litig.*, 312 F. Supp. 2d 653, 658 (D.N.J. Feb. 5, 2004) (sealing papers concerning "the parties' products, research and development;" "[t]he presence of trade secrets or other confidential materials weighs against public access, and, accordingly, documents containing such information may be protected from disclosure"); *Impax Labs., Inc. v. Zydus Pharm. (USA) Inc.,* No. 17-13476, 2018 U.S. Dist. LEXIS 206044, at 3* (D.N.J. Dec. 6, 2018) (granting motion to seal where record "refers to proprietary commercial and business interests, including information relevant to Defendants' . . . formulation of its ANDA product, which is presently unavailable to the public"); *Depomed, Inc. v. Purdue Pharma L.P.,* No. 13-571, 2017 U.S. Dist. LEXIS 212, at *6–8 (D.N.J. Jan. 3, 2017); *Boehringer Ingelheim Pharma GmbH & C. KG v. Mylan Pharms. Inc.*, No. 14-4727, 2015 U.S. Dist. LEXIS 103716, at *6 (D.N.J. Aug. 7, 2015); *Purdue Pharm. Prods. v. Actavis Elizabeth,* No. 12-cv-05311, 2015 U.S. Dist. LEXIS 111363, at *2 (D.N.J. Aug. 24, 2015).

**WHEREAS**, the Court having found that there are legitimate public and private interests that warrant the relief sought; and no other opposition to the motion having been filed; and for good cause shown;

**IT IS** on this 28th day of September, 2026,

**ORDERED** that Defendant's motion to seal (ECF No. 111) is **GRANTED**; and it is further

**ORDERED** that the Clerk shall permanently seal the materials filed at ECF Nos. 102, 102-3, 102-4, 102-5, 102-6, 102-7, 102-8, and 102-9 and unseal the materials filed at ECF Nos. 102-1 and 102-2; and it is further

**ORDERED** that the parties must file redacted, publicly available versions of the July 15, 2026 Discovery Letter and Exhibits C-F no later than **October 5, 2026**.

J. BRENDAN DAY
UNITED STATES MAGISTRATE JUDGE